E-FILED
Monday, 31 March, 2014 11:27:00 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIE HENDERSON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 14-3057-SEM |
| LIBERTY HEALTHCARE and STEVE BRYANT, | ) |
| Defendant. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Willie Henderson, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendants Liberty Healthcare and Steve Bryant under 42 U.S.C. § 1983. Henderson also seeks the appointment of counsel to represent him in this case.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster*

1

*v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Henderson alleges that, for some unspecified amount of time, he was a civilly committed person detained at Rushville. Henderson further alleges that he completed the necessary requirements of his sex offender treatment and was granted a conditional release from Rushville on July 29, 2013.

Henderson contends that Defendant Liberty Healthcare and/or its director Defendant Steve Bryant placed conditions on his

release without the legislative authority to do so. Henderson asserts that the Illinois General Assembly set forth the conditions of release for someone obtaining a discharge from Rushville and that his conditional release contained conditions not found in 725 ILCS 207/40(5). Henderson alleges that he was taken into custody and placed back at Rushville for violating those impermissible conditions imposed upon him by Liberty Healthcare and/or Steve Bryant. Accordingly, Henderson has filed this suit under 42 U.S.C. § 1983 alleging that Defendants violated his due process rights protected by the Fourteenth Amendment.

To the extent that Henderson is challenging his recommitment to Rushville, his federal remedy is a petition for writ of habeas corpus after he exhausts state judicial remedies, not a suit under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A civil rights action under § 1983 is the proper vehicle to challenge conditions of confinement; a habeas corpus petition is the sole federal vehicle for challenging the fact or duration of confinement. *Id*. at 498-99; *Levi v. Gaskell*, 2012 WL 1710786, * 3 (C.D. Ill. May 15, 2012)(holding that a challenge to the constitutionality of a detainee's confinement at Rushville can only

be pursued in federal court as a habeas corpus action after the exhaustion of state court remedies and the satisfaction of other habeas corpus requirements). Civilly committed persons may pursue habeas relief under 28 U.S.C. Section 2254 to challenge their involuntary civil commitment.[1] *Duncan v. Walker*, 533 U.S. 167, 176 (2001)(holding that a state court order of civil commitment satisfies § 2254's "in custody" requirement); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005)("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."). Accordingly, Henderson's sole remedy in federal court for invalidating his recommitment to Rushville and in obtaining his release from Rushville is a habeas petition. *C.f., Swinford v. Salvation Army Safety Net*, 2007 WL 1725212, * 1 (C.D. Ill. Jun 11, 2007)(holding that a habeas petition, not a § 1983 suit, was appropriate cause of action to challenge the conditions of custody imposed by IDOC, including probation, supervised release, and parole proceedings).

To the extent that Henderson seeks damages, however, his

---

[1] Henderson has not alleged that he has exhausted his state court remedies necessary to file a § 2254, and the Court doubts that he has done so given the timeline set forth in his Complaint.

claim is also barred. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

*Heck's* "favorable termination rule" is not limited to § 1983 claims that imply the invalidity of a plaintiff's criminal conviction or sentence but applies equally to § 1983 claims that imply the invalidity of a plaintiff's civil commitment because *"Heck's* favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus." *Huftile,* 410 F.3d at 1139. Therefore, *Heck's* holding applies not only to prisoners but to other persons who are "in custody" and have access to habeas relief. *Id.* Because civilly committed persons have access to habeas relief to obtain release from custody, *Heck* requires a civilly committed person to invalidate his civil commitment before pursuing a § 1983 damages claim that

5

implies that his commitment is invalid. *Id.* at 1140; *Hubbs v. County of San Bernardino,* 538 F.Supp.2d 1254, 1264 (C.D. Cal. 2008)(holding that *Heck* barred plaintiff's § 1983 claims challenging probable cause determination in connection with his commitment as a sexually violent predator).

Henderson's allegations demonstrate that his recommitment to Rushville has not been invalidated. Henderson must necessarily demonstrate that his civil commitment is invalid in order to obtain damages for unlawfully detaining him, and until he does so, Henderson may not pursue this § 1983 suit because it is premised on the invalidity of his recommitment to Rushville. *Heck,* 512 U.S. at 487.

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's motion for leave to proceed in forma pauperis [2] is DENIED because his Complaint fails to state a cause of action upon which relief can be granted. All other pending motions are DENIED AS MOOT.**

**2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to**

**appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

**3. This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.**

ENTER: March 31, 2014

FOR THE COURT:

                                                s/ Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE